# EXHIBIT 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-----------------------------------------------------------------X
Ultimate Abstract Services Inc.,
Ultimate Abstract Services, Inc. Pension Plan, and
Edward Regan

                        Plaintiffs,

    - against -

Hartford Fire Insurance Company

                        Defendant.
-----------------------------------------------------------------X

Index No.: 203056 /2022

Date Filed: October 14, 2022
Plaintiffs designate
Suffolk County as the
Place of Trial

TO THE ABOVE NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve a copy of your answer or if the Complaint is not served with this Summons, to serve a notice of appearance, upon the Plaintiff's attorney within twenty (20) days after service of this Summons, exclusive of the date of service (or within thirty [30] days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for relief demanded in the complaint.

Dated: October 14, 2022
       Great Neck, New York

                                    _____
                                    GARY ROSEN, ESQ.
                                    ROSEN LAW LLC
                                    Attorneys for Plaintiffs
                                    Ultimate Abstract Services Inc. and
                                    Edward Regan
                                    216 Lakeville Road
                                    Great Neck, New York 11020
                                    Tel.: (516) 437-3400

DEFENDANT'S ADDRESSES:
Hartford Fire Insurance Company
One Hartford Plaza
Hartford, Connecticut 06155

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
------------------------------------------------------------------------X
Ultimate Abstract Services Inc.,
Ultimate Abstract Services, Inc. Pension Plan, and
Edward Regan

               Plaintiffs,

     - against -

Hartford Fire Insurance Company

               Defendant.
------------------------------------------------------------------------X

INDEX NO.: 203056/2022

**COMPLAINT**

    Plaintiffs, complaining of the Defendant by their attorneys, ROSEN LAW LLC, respectfully alleges as follows:

    1.    At all times hereinafter mentioned and at the time of the commencement of this action, Plaintiff Ultimate Abstract Services Inc. was and is a domestic corporation organized in the State of New York, and authorized to conduct business in the State of New York, with its principal place of business located at 1383 Veterans Memorial Highway, Suite 30, Hauppauge, New York 11788.

    2.    At all times hereinafter mentioned and at the time of the commencement of this action, Plaintiff Ultimate Abstract Services Inc. Pension Plan was and is a pension plan duly formed in the State of New York, and authorized to conduct business in the State of New York, with its principal place of business located at 1383 Veterans Memorial Highway, Suite 30, Hauppauge, New York 11788.

    3.    At all times hereinafter mentioned and at the time of the commencement of this action, Plaintiff Edward Regan was and is an individual with his principal place of

business located at 1383 Veterans Memorial Highway, Suite 30, Hauppauge, New York 11788.

4. At all times hereinafter mentioned and at the time of the commencement of this action, Plaintiff Edward Regan was a beneficiary of the Ultimate Abstract Services, Inc. Pension Plan ("Pension Plan").

5. Defendant issued a fidelity bond, policy number / bond number CrimeShield Policy No. 16BDDAL9288 to Plaintiff Ultimate Abstract Services Inc. and Plaintiff Ultimate Abstract Services, Inc. Pension Plan (the "Bond").

6. Non-party Bruce A. Payne was and is the trustee of the Pension Plan.

7. Non-party Bruce A. Payne was and is an employee of the Pension Plan.

8. Non-party Bruce A. Payne (the "Pension Plan Trustee") stole the funds that belonged to the beneficiaries of the Pension Plan, including Plaintiff Edward Regan.

9. Pension Plan Trustee committed theft of the Pension Plan assets.

**10.** On July 28, 2022, Plaintiff Edward Regan obtained a judgment against the Pension Plan Trustee **(Exhibit "1").**

11. Plaintiffs had only discovered that the assets of the Pension Plan were unable to be located after Plaintiff Edward Regan obtained a judgment against the Pension Plan Trustee.

12. To date, the Pension Plan Trustee failed to return the funds that Pension Plan Trustee took from the Pension Plan's bank accounts and/or brokerage accounts, depriving Plaintiffs of the monies that were due to be held by the Pension Plan and due to be paid to the beneficiaries of the Pension Plan, including Plaintiff Edward Regan.

13. Plaintiffs demand that Defendant make the Pension Plan whole due to the malfeasance of the Pension Plan Trustee.

14. Upon information and belief, the total assets of the Pension Plan that the Pension Plan Trustee withdrew from the Pension Plan's bank accounts and/or brokerage accounts, exceeded $750,000.

15. The Pension Plan Trustee committed fraud resulting in losses to the Plaintiffs and beneficiaries of the Pension Plan exceeding $750,000.

16. The Pension Plan Trustee committed dishonesty resulting in losses to the Plaintiffs and beneficiaries of the Pension Plan exceeding $750,000.

17. The Bond was a contract between Plaintiff Ultimate Abstract Services Inc., Plaintiff Ultimate Abstract Services, Inc. Pension Plan and Defendant.

18. Plaintiff Edward Regan is a third-party beneficiary pursuant to the contract between Plaintiff Ultimate Abstract Services Inc., Plaintiff Ultimate Abstract Services, Inc. Pension Plan and Defendant.

19. Plaintiffs performed all of their obligations under the Bond.

20. Plaintiffs made a demand upon Defendant to pay to Plaintiffs the sum exceeding $750,000 as the losses sustained by Plaintiffs due to the malfeasance of the Pension Plan Trustee.

21. Defendant established claim number 564FD64798 with regard to Plaintiffs' claims set forth in this complaint.

22. Defendant breached their obligations under the Bond by failing to pay the sum exceeding $750,000 being the losses sustained by Plaintiffs due to the malfeasance of the Pension Plan Trustee.

23. Plaintiffs sustained damages.

24. Plaintiffs sustained injuries as a result of the Defendant failing to pay the sum exceeding $750,000 being the losses sustained by Plaintiffs due to the malfeasance of the Pension Plan Trustee.

25. Plaintiffs demand judgment against Defendant.

26. Defendant has refused to perform its obligations under the terms and conditions of the Bond.

27. Plaintiffs have been damaged as a result of Defendant's failure to perform the terms and conditions of the Bond.

28. By reason of the foregoing, Plaintiffs have been damaged in an amount to be determined at trial, but anticipated to be no less than $750,000, plus interest, costs, disbursements and attorneys' fees.

## AS AND FOR A SECOND CAUSE OF ACTION
## FOR UNJUST ENRICHMENT

29. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "28" of this complaint, with the same force and effect as if more fully set forth at length herein.

30. Defendant received insurance premiums for the Bond from Plaintiff Ultimate Abstract Services Inc. and/or Plaintiff Ultimate Abstract Services, Inc. Pension Plan.

31. Defendant benefitted at the Plaintiff's expense.

32. Equity and good conscience require restitution to Plaintiffs.

33. By reason of the foregoing, Plaintiffs have been damaged in an amount to be determined at trial, but anticipated to be no less than $750,000, plus interest, costs, disbursements and attorneys' fees.

**WHEREFORE,** Plaintiffs demands judgment:

a) On the First Cause of Action against Defendant in the sum to be determined at trial, but anticipated to be no less than $750,000, plus attorneys' fees, costs, expenses and disbursements;

b) On the Second Cause of Action against Defendant in the sum to be determined at trial, but anticipated to be no less than $750,000, plus attorneys' fees, costs, expenses and disbursements;

c) And for such other and further relief as to the Court may seem just, proper together with attorneys' fees, the costs and disbursements of this action.

Dated: October 14, 2022
       Great Neck, New York

_____
GARY ROSEN, ESQ.
ROSEN LAW LLC
Attorneys for Plaintiffs
Ultimate Abstract Services Inc. and
Edward Regan
216 Lakeville Road
Great Neck, New York 11020
Tel.: (516) 437-3400

## Verification by Attorney

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NASSAU       )

Gary Rosen, Esq. an attorney duly admitted to practice in the Court of the State of New York, affirms that the following statements are true under penalties of perjury:

Deponent is the attorney of record for Plaintiffs in the within action. Deponent has read the foregoing Complaint and knows the contents thereof, and that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that those matters deponent believes it to be true.

This verification is made by deponent and not by the Plaintiffs because Plaintiffs do not reside in the County wherein your deponent maintains an office.

The grounds of deponent's belief as to all matters not stated upon deponent's knowledge are as follows: Statements of said Plaintiffs, records supplied by Plaintiffs, and deponent's general investigation into the facts of this case.

Dated: October 14, 2022
       Great Neck, New York

                                              _____
                                                      GARY S. ROSEN

# Exhibit "1"

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
EDWARD REGAN,

                     Plaintiff,

- against -

BRUCE A. PAYNE, individually and as Trustee and
Fiduciary of the ULTIMATE ABSTRACT
SERVICES, INC. PENSION PLAN, and THE
ULTIMATE ABSTRACT SERVICES INC.
PENSION PLAN,

                     Defendants.
------------------------------------------------------------------X

**DEFAULT JUDGMENT**
CV 20-5423 (JMA) (ARL)

     An Order of Honorable Joan M. Azrack, United States District Judge, having been filed on July 28, 2022; granting Plaintiff's motion for a default judgment, directing the Clerk of the Court to enter judgment against Defendant Bruce A. Payne and in favor of Plaintiff Edward Regan in the amount of $350,034.20, plus prejudgment interest of $184,831.04, for a total of $534,865.24, and directing the Clerk of the Court to close this case, it is

     **ORDERED AND ADJUDGED** that Plaintiff's motion for a default judgment is granted; that Plaintiff Edward Regan is awarded a default judgment in the amount of $534,865.24 against Defendant Bruce A. Payne; and that this case is closed.

Dated: July 28, 2022
       Central Islip, New York

                                           BRENNA B. MAHONEY
                                           CLERK OF THE COURT

                        BY:    /S/ JAMES J. TORITTO
                                  DEPUTY CLERK

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
EDWARD REGAN,

                                Plaintiff,

        -against-

BRUCE A. PAYNE, individually and as Trustee
and Fiduciary of the ULTIMATE ABSTRACT
SERVICES, INC. PENSION PLAN, and
THE ULTIMATE ABSTRACT
SERVICES, INC. PENSION PLAN,

                                Defendants.
----------------------------------------------------------------X
```

For Online Publication Only

**ORDER**
2:20-CV-05423 (JMA) (ARL)

**FILED**
**CLERK**
7/28/2022 11:50 am
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

Before the Court is the motion of Plaintiff Edward Regan for a default judgment against Defendant Bruce A. Payne. Plaintiff alleges that Payne, as trustee and fiduciary of the Ultimate Abstract Services, Inc. Pension Plan (the "Plan"), violated provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, et seq., by breaching his fiduciary duties to the Plan. (See Compl., ECF No. 1.) Plaintiff now seeks $350,034.20, representing Plaintiff's share of the Plan's assets as of February 28, 2017; interest in the amount of $184,831.04, calculated at a rate of 9% per year from February 28, 2017; and attorney's fees and costs to be sought in a post-judgment application. (See Rosen Decl. ¶ 18, ECF No. 8-3.) For the following reasons, Plaintiff's motion is GRANTED, and Plaintiff is awarded a default judgment against Defendant Payne.

**I. DISCUSSION**

**A. Defendant Defaulted**

The record reflects that Defendant was properly served in this action but has not answered, appeared in this action, responded to the instant motion for default judgment, or otherwise defended this action. Accordingly, the Court finds Defendant in default.

B. <u>Liability</u>

When a defendant defaults, the Court is required to accept all of the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. See <u>Finkel v. Romanowicz</u>, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law. <u>Id.</u> Here, the allegations in the Complaint are sufficient to establish Defendant Payne's liability for breach of fiduciary duty under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

C. <u>Relief</u>

Plaintiff seeks, among other things, "appropriate equitable relief" against Defendant Payne, "including but not limited to surcharge[.]" (Compl. at 16.) Specifically, Plaintiff pursues recovery of $350,034.20, representing Plaintiff's share of the Plan's assets as of February 28, 2017, as well as interest in the amount of $184,831.04, apparently based on New York's statutory prejudgment interest rate of 9%. (<u>See</u> Rosen Decl. ¶ 18.) The Court finds that surcharge is warranted due to Defendant Payne's breach of fiduciary duties as a fiduciary of the Plan. See <u>CIGNA Corp. v. Amara</u>, 563 U.S. 421, 441 (2011) (holding that surcharge is available as a form of equitable relief under 29 U.S.C. § 1132(a)(3)); <u>see also</u> <u>Hartman v. Lincoln Nat'l Life Ins. Co.</u>, No. 4:20-CV-579, 2022 WL 103313, at *2 (E.D. Mo. Jan. 11, 2022) (ordering surcharge under § 1132(a)(3) against defaulting defendant for breach of fiduciary duty). Defendant Payne is therefore liable to Plaintiff for $350,034.20, which represents the precise amount of "monetary 'compensation' for a loss resulting from a trustee's breach of duty, or to prevent the trustee's unjust enrichment." <u>Amara</u>, 563 U.S. at 441. Additionally, the Court awards prejudgment interest in the amount of $184,831.04, based on New York's statutory rate of 9%. See <u>Alfano v. CIGNA Life Ins. Co. of New York</u>, No. 07-CV-9661, 2009 WL 890626, at *7 (S.D.N.Y. Apr. 2, 2009) (awarding prejudgment interest to ERISA plaintiff at statutory rate of 9%).

## II. CONCLUSION

For the reasons stated above, Plaintiff's motion for a default judgment is GRANTED. The Clerk of the Court is respectfully directed to enter judgment against Defendant Bruce A. Payne and in favor of Plaintiff Edward Regan in the amount of $350,034.20, plus prejudgment interest of $184,831.04, for a total of $534,865.24.

The Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated: July 28, 2022
Central Islip, New York

                                                 /s/    (JMA)
                                           JOAN M. AZRACK
                                           UNITED STATES DISTRICT JUDGE

FILED: SUFFOLK COUNTY CLERK 10/17/2022 04:15 PM    INDEX NO. 203056/2022
NYSCEF DOC. NO. 2    Case 2:20-cv-05405-JMA-ARL  Document 11  Filed 07/28/22  Page 3 of 3 PageID #: 107    RECEIVED NYSCEF: 10/17/2022

3